IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-1242-RBJ

OTTER PRODUCTS, LLC,
a Colorado limited liability company,

    Plaintiff,

v.

AQUA BOX PRODUCTS, LLC,
a Florida corporation,

    Defendant.

**STIPULATED PERMANENT INJUNCTION AND DISMISSAL**

This Civil Action has come before the Court, upon the pleadings and proceedings of record, and it has been represented to the Court that plaintiff Otter Products LLC ("OtterBox") and defendant Aqua Box Products, LLC ("Aqua Box"), have entered into a Settlement Agreement and have agreed to a final resolution of this case on the terms and conditions set forth below:

WHEREFORE, with the consent of the above-identified parties, through their undersigned attorneys, and with the approval of this Court, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1) This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code;

2) The Court has jurisdiction over the parties and the subject matter of this action, and venue is proper in this District.

3) OtterBox owns and has standing to sue for the infringement of United States Patent No. 6,646,864, entitled "Protective Case for Touch Screen Device" which issued on November 11, 2003 and United States Patent No. 7,907,394, entitled "Protective Enclosure for

Touch Screen Device" which issued on March 15, 2011 (collectively, "the OtterBox Patents"). OtterBox has the exclusive right to license and enforce the OtterBox Patents and has the right to collect damages for past infringement of the OtterBox Patents;

4) Aqua Box acknowledges that all claims of the OtterBox Patents are valid and enforceable for all purposes, including any other action for infringement of the OtterBox Patents even though the product or products alleged to infringe may be different. Aqua Box agrees not to assert any affirmative defense to patent infringement including, without limitation, non-infringement, laches, estoppel, non-joinder, mis-joinder or patent misuse, in any action to enforce the terms of this Stipulated Permanent Injunction. Furthermore, Aqua Box agrees not to challenge the OtterBox Patents by initiating or participating in a reexamination or post grant opposition proceedings before the United States Patent and Trademark Office ("USPTO"). Further, Aqua Box agrees not to request the stay of any enforcement of this Stipulated Permanent Injunction pending the resolution of any administrative or regulatory proceeding, including without limitation, proceedings before the USPTO or the International Trade Commission.

5) Defendant waives any further findings of fact and conclusions of law and all rights to appeal from this Permanent Injunction.

6) Effective as of the date of this Order, Aqua Box, and its respective affiliates, subsidiaries, distributors, officers, directors, agents, successors and assigns, and all persons in active concert or participation with them, are hereby permanently restrained and enjoined from making, using, selling, offering for sale, and/or importing the Aqua Box Waterproof Smartphone Case or otherwise infringing upon OtterBox's rights in the OtterBox Patents;

7) OtterBox acknowledges that Aqua Box in no way has control of or is responsible for the actions of More Charm Limited or Aryca Products and any infringement on the part of More Charm Limited and Aryca Products will not be a violation of this Permanent Injunction by Aqua Box;

8) All claims, defenses, and/or counterclaims that were or could have been brought relating to the OtterBox Patents or relating to sales of the Aqua Box Waterproof Smartphone

Cases made prior to the date of this Order are hereby dismissed with prejudice;

9) Subject to compliance with this Order and the Settlement Agreement, OtterBox releases Aqua Box, its directors, agents, employees, attorneys, trustees, representatives, parents, subsidiaries, affiliates, predecessors, successors, insurers, and any and all persons in privity with them or any of them, from all actions, causes of action, claims, counterclaims, cross-claims or third-party claims, which OtterBox ever had up to the Effective Date of the Settlement Agreement.

10) Aqua Box releases OtterBox, and forever discharges OtterBox, its directors, agents, employees, attorneys, trustees, representatives, parents, subsidiaries, affiliates, predecessors, successors, insurers, customers and assigns, and any and all persons in privity with them or any of them, from all actions, causes of action, claims, counterclaims, cross-claims or third-party claims, which Aqua Box ever had up to the Effective Date of the Settlement Agreement.

11) This Court retains jurisdiction over the parties and the subject matter for purposes of enforcing this Order and the Settlement Agreement between the parties relating to this civil action or any action relating to the enforcement of the Settlement Agreement or this Order.

12) Each party shall bear its own costs and attorneys' fees, except that if Aqua Box violates any term of this Stipulated Permanent Injunction and fails to cure such violation within thirty (30) days after receipt of notice of the violation, Aqua Box shall be liable for and pay to OtterBox its reasonable attorneys' fees incurred in connection with any successful application to this Court for enforcement of this Stipulated Permanent Injunction.

DATED this 26th day of February, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge